FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2012 JUL -9 PM 12: 02

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND
AT BALTIMORE

BY_____DEPUTY

| | | |
|---|---|---|
| Sabrina L. Goodman | ) | |
| 628 N. Eutaw Street, Apt. 304 | ) | |
| Baltimore, Maryland 21201 | ) | |
| *Plaintiff* | ) | Case No. **ELH12CV2026** |
| vs | ) | |
| PLAZA RECOVERY, INC. | ) | |
| 370 7th Avenue | ) | |
| New York, New York 10001 | ) | Judge _____ |
| *Defendant* | ) | |
| | ) | **Trial by Jury Demanded** |

## ORIGINAL COMPLAINT FOR VIOLATIONS OF THE FCRA

### JURISDICTION

1. The jurisdiction of this Court is conferred by 15 U.S.C. §1681p and 15 U.S.C. § 1692k.

2. All conditions precedent to the brining of this action has been performed.

### PARTIES

3. The Plaintiff in this lawsuit is Sabrina L. Goodman (hereinafter "Plaintiff"), a natural person, who resides in Baltimore, Maryland.

4. The Defendant in this lawsuit is Plaza Recovery, Inc. (hereinafter "PRI") a corporation with offices at 370 7th Avenue, New York, NY 10001.

### VENUE

5. The occurrences which give rise to this action occurred in Baltimore, Maryland and Plaintiff resides in Baltimore, Maryland.

6. Venue is proper in the District Court of Maryland pursuant to 28 U.S.C. § 1391b.

## GENERAL ALLEGATIONS

7. Plaintiff obtained her consumer credit reports from the three major credit reporting agencies and discovered entries by entities that she was unfamiliar within the reports.

8. Plaintiff determined that her consumer credit report had been obtained on various occasions by various entities she did not recognize and without her consent.

9. Plaintiff determined after examination of her Trans Union consumer report that PRI had obtained Plaintiff's Trans Union consumer credit report on January 27, 2011 without permissible purpose.

10. Plaintiff sent a Notice of Intent to Sue to PRI regarding their action of obtaining Plaintiff's consumer credit report with no permissible purpose. Said notice was sent by certified mail # 70102780000247794518 and received on April 25, 2012 according to USPS records.

11. Plaintiff sent a Notice of pending lawsuit to PRI regarding their action of obtaining Plaintiff's consumer credit report with no permissible purpose. Said notice was sent by certified mail # 70102780000247794396 and received on May 15, 2012 according to USPS records.

12. Discovery of violations brought forth herein occurred in February 2012 and are within the statute of limitations as defined in FCRA, 15 U.S.C. § 1681p.

## Count I

### VIOLATION OF FAIR CREDIT REPORTING ACT (FCRA), 15 U.S.C. §1681 WILLFUL NON-COMPLIANCE BY DEFENDANT PLAZA RECOVERY, INC.

13. Paragraphs 1 through 12 are realleged as though fully set forth herein.

14. Plaintiff is a consumer within the meaning of the FCRA, 15 U.S.C. §1681a(c).

Complaint for Violation of FCRA
Sabrina L. Goodman | 628 N. Eutaw Street, Apt. 304, Baltimore, Maryland 21201 | 443-848-1919 | Sabrina-goodman@live.com

2

15. Trans Union is a credit reporting agency within the meaning of the FCRA, 15 U.S.C. §1681a(f).

16. Consumer credit report is a consumer report within the meaning of the FCRA, 15 U.S.C. § 1681a(d).

17. The FCRA, 15 U.S.C. § 1681b defines the permissible purposes for which a person may obtain a consumer credit report.

18. Such permissible purposes as defined by 15 U.S.C. § 1681b are generally, if the consumer makes an application for credit, makes an application for employment, for underwriting of insurance involving the consumer, or is offered a bona fide offer of credit as a result of the inquiry.

19. Plaintiff has never had any business dealings or any account with, made application for credit from, made application for employment with, applied for insurance from, or received a bona fide offer of credit from PRI.

20. At no time did Plaintiff give her consent for PRI to acquire her consumer credit report from any reporting agency.

21. On January 27, 2011 PRI obtained the Trans Union consumer credit report of the Plaintiff with no permissible purpose or Plaintiff's consent was a willful violation of the FCRA 15 U.S.C. §1681b.

22. The actions of PRI in obtaining the consumer credit report of the Plaintiff with no permissible purpose or Plaintiff's consent was a willful violation of FCRA, 15 U.S.C. §1681b and an egregious violation of Plaintiff's right to privacy.

Complaint for Violation of FCRA
Sabrina L. Goodman | 628 N. Eutaw Street, Apt. 304, Baltimore, Maryland 21201 | 443-848-1919 | Sabrina-goodman@live.com

3

**WHEREFORE**, Plaintiff demands judgment for damages against Defendant, Plaza Recover, Inc. for statutory damages, attorney's fees and costs, pursuant to 15 U.S.C. §1681n.

### Count II
### VIOLATION OF FAIR CREDIT REPORTING ACT (FCRA), 15 U.S.C. §1681
### NEGLIGENT NON-COMPLIANCE BY DEFENDANT PLAZA RECOVERY, INC.

23. Paragraphs 1 through 22 are realleged as though fully set forth herein.

24. Plaintiff is a consumer within the meaning of the FCRA, 15 U.S.C. §1681a(c).

25. Trans Union is a credit reporting agency within the meaning of the FCRA, 15 U.S.C. §1681a(f).

26. Consumer credit report is a consumer report within the meaning of the FCRA, 15 U.S.C. § 1681a(d).

27. The FCRA, 15 U.S.C. § 1681b defines the permissible purposes for which a person may obtain a consumer credit report.

28. Such permissible purposes as defined by 15 U.S.C. § 1681b are generally, if the consumer makes an application for credit, makes an application for employment, for underwriting of insurance involving the consumer, or is offered a bona fide offer of credit as a result of the inquiry.

29. Plaintiff has never had any business dealings or any account with, made application for credit from, made application for employment with, applied for insurance from, or received a bona fide offer of credit from PRI.

Complaint for Violation of FCRA
Sabrina L. Goodman | 628 N. Eutaw Street, Apt. 304, Baltimore, Maryland 21201 | 443-848-1919 | Sabrina-goodman@live.com

4

30. At no time did Plaintiff give her consent for PRI to acquire her consumer credit report from any reporting agency.

31. On January 27, 2011 PRI obtained the Trans Union consumer credit report of the Plaintiff with no permissible purpose or the Plaintiff's consent was a negligent violation of the FCRA 15 U.S.C. §1681b.

32. The actions of PRI in obtaining the consumer credit report of the Plaintiff with no permissible purpose or Plaintiff's consent was a negligent violation of FCRA, 15 U.S.C. §1681b and an egregious violation of Plaintiff's right to privacy.

**WHEREFORE**, Plaintiff demands judgment for damages against Defendant, Plaza Recovery, Inc. for statutory damages, attorney's fees and costs, pursuant to 15 U.S.C. §1681o.

### DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury of all issues so triable as a matter of law.

Date: 7/9/12

Respectfully submitted

Sabrina L. Goodman
628 N. Eutaw Street, Apt. 304
Baltimore, Maryland 21201
(443) 848-1919
sabrina-goodman@live.com

Service To:
Plaza Recovery Inc.
370 7th Avenue
New York, NY 10001