IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| SABRINA GOODMAN,<br>    Plaintiff<br><br>v.<br><br>PLAZA RECOVERY, INC.,<br>    Defendant | :<br>:<br>:<br>:   Civ. Action No.: 1:12-CV-2026<br>:<br>:<br>:<br>: |

## DEFENDANT PLAZA RECOVERY, INC.'S ANSWER WITH AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

AND NOW comes Defendant Plaza Recovery, Inc., by and through its undersigned counsel, who respectfully submits this Answer with Affirmative Defenses to Plaintiff's Complaint, and in support thereof avers as follows:

### ANSWER TO JURISDICTION

1. Denied as a conclusion of law.

2. Defendant lacks knowledge and information to form a belief as to the truth of the averments in Paragraph 2 of Plaintiff's Complaint and thus these averments are denied.

### ANSWER TO PARTIES

3. Admitted upon information and belief.

4. Admitted.

### ANSWER TO VENUE

5. Admitted in part, denied in part. Defendant admits, upon information and belief, that Plaintiff resides in Baltimore, Maryland. Defendant denies the remaining averments.

6. Denied as a conclusion of law.

## ANSWER TO GENERAL ALLEGATIONS

7. Defendant lacks sufficient knowledge and information to form a belief as to the truth of the averments in Paragraph 7 of Plaintiff's Complaint, and therefore these averments are denied. Strict proof is hereby demanded.

8. Defendant lacks sufficient knowledge and information to form a belief as to the truth of the averments in Paragraph 8 of Plaintiff's Complaint, and therefore these averments are denied. Strict proof is hereby demanded.

9. Denied as a conclusion of law. By way of further response, Defendant lacks sufficient knowledge and information to form a belief as to the truth of the averment, in Paragraph 9 of Plaintiff's Complaint, that Plaintiff made "determinations", and therefore these averments are denied. Strict proof is hereby demanded.

10. Any records of the United States Postal Service, and any Notices sent by the Plaintiff, copies of which are not attached to Plaintiff's Complaint, are writings which speak for themselves. Defendant denies Plaintiff's allegations concerning her belief that Plaintiff's consumer credit report was obtained with no permissible purpose as a conclusion of law.

11. Any records of the United States Postal Service, and any Notices sent by the Plaintiff, copies of which are not attached to Plaintiff's Complaint, are writings which speak for themselves. Defendant denies Plaintiff's allegations concerning her belief that Plaintiff's consumer credit report was obtained with no permissible purpose as a conclusion of law.

12. Denied as a conclusion of law. By way of further response, Defendant lacks sufficient knowledge and information to form a belief as to the truth of Plaintiff's discovery of any alleged violations by Defendants, and thus these averments are denied. Strict proof is hereby demanded.

**ANSWER TO COUNT I**
**VIOLATION OF FAIR CREDIT REPORTING ACT (FCRA), 15 U.S.C. §1681**
**WILLFUL NON-COMPLIANCE BY DEFENDANT PLAZA RECOVERY, INC.**

13. Paragraphs 1 through 12 are hereby incorporated by reference as though more fully set forth herein.

14. Denied as a conclusion of law.

15. Denied as a conclusion of law.

16. Denied as a conclusion of law.

17. Denied as a conclusion of law.

18. Denied as a conclusion of law. Defendant specifically denies that Paragraph 18 contains an exhaustive list of all permissible purposes under 15 U.S.C. §1681b. Strict proof is hereby demanded.

19. Denied as a conclusion of law. By way of further response, Defendants lacks sufficient knowledge and information to form a belief as to the truth of the averments in Paragraph 19 of Plaintiff's Complaint. Strict proof is hereby demanded.

20. Denied as a conclusion of law. By way of further response, Plaintiff's insinuation that the FCRA requires that Plaintiff give consent before acquisition of her consumer credit report is specifically denied. Strict proof is hereby demanded.

21. Denied as a conclusion of law.

22. Denied as a conclusion of law.

WHEREFORE, Defendant Plaza Recovery, Inc. respectfully requests that this Honorable Court enter judgment in its favor and against Plaintiff, dismiss Plaintiff's Complaint with prejudice, and further award all such other relief as is just and appropriate.

## ANSWER TO COUNT II
## VIOLATION OF FAIR CREDIT REPORTING ACT (FCRA) 15 U.S.C. §1681
## NEGLIGENT NON-COMPLIANCE BY DEFENDANT PLAZA RECOVERY, INC.

23. Paragraphs 1 through 22 are hereby incorporated by reference as though more fully set forth herien.

24. Denied as a conclusion of law.

25. Denied as a conclusion of law.

26. Denied as a conclusion of law.

27. Denied as a conclusion of law.

28. Denied as a conclusion of law. Defendant specifically denies that Paragraph 28 contains an exhaustive list of all permissible purposes under 15 U.S.C. §1681b. Strict proof is hereby demanded.

29. Denied as a conclusion of law. By way of further response, Defendant lacks sufficient knowledge and information to form a belief as to the truth of the averments in Paragraph 29 of Plaintiff's Complaint. Strict proof is hereby demanded.

30. Denied as a conclusion of law. By way of further response, Plaintiff's insinuation that the FCRA requires that Plaintiff give consent before acquisition of her consumer credit report is specifically denied. Strict proof is hereby demanded.

31. Denied as a conclusion of law.

32. Denied as a conclusion of law.

WHEREFORE, Defendant respectfully requests that this Honorable Court enter judgment in its favor and against Plaintiff, dismiss Plaintiff's Complaint with prejudice, and further award all such other relief as is just and appropriate.

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to detail any violations of the FCRA in that Plaintiff provides no material factual support for her purely conclusive allegations.

### THIRD AFFIRMATIVE DEFENSE

Any violation of the law or damage sustained by the Plaintiff (with all allegations of such violations and damages being specifically denied) was due to the affirmative actions and/or omissions of the Plaintiff or others and does not give rise to liability by Defendant.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the statute of limitations, to the extent facts developed during discovery may implicate.

### FIFTH AFFIRMATIVE DEFENSE

To the extent Plaintiff's Complaint purports to state a claim for invasion of privacy, Plaintiff has failed to state such a claim for which relief might be granted.

### SIXTH AFFIRMATIVE DEFENSE

At all times material to Plaintiff's claims, Defendant acted in good faith and without malice or intent to injure Plaintiff.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff suffered no damage from the alleged violations by Defendant and therefore is not entitled to any award of damages, attorney's fees or costs.

WHEREFORE, Defendant respectfully requests that this Honorable Court enter judgment in its favor and against Plaintiff, dismiss Plaintiff's claims with prejudice, and further award all such other relief as is just and proper.

Respectfully submitted,

**MARSHALL, DENNEHEY, WARNER,
COLEMAN & GOGGIN**

Date: September 17, 2012    By: <u>*/s/ Lauren M. Burnette*</u>
Lauren M. Burnette, Esquire (No. 29597)
4200 Crums Mill Road, Suite B
Harrisburg, PA  17112
(717) 651-3703
lmburnette@mdwcg.com

**CERTIFICATE OF SERVICE**

I certify that on this day I served a copy of the foregoing document *via* United States Mail, postage prepaid, which service satisfies the Federal Rules of Civil Procedure, to the following:

Sabrina L. Goodman
628 N. Eutaw Street, Apt. 304
Baltimore, MD 21201
*Pro Se Plaintiff*

**MARSHALL, DENNEHEY, WARNER,
COLEMAN & GOGGIN**

Date:   September 17, 2012          By:   */s/ Lauren M. Burnette*
                                          Lauren M. Burnette, Esquire (No. 29597)
                                          4200 Crums Mill Road, Suite B
                                          Harrisburg, PA  17112
                                          (717) 651-3703
                                          lmburnette@mdwcg.com